**YONG KE CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 03–4930–ag.

United States Court of Appeals, Second Circuit.

Oct. 13, 2006.

---

Thomas V. Massucci, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schulz, Chief, Appellate Division, Emily M. Smachetti, Evelio Jesús Yera, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Yong Ke Chen, a native and citizen of the People's Republic of China, seeks review of an April 28, 2003 order of the BIA denying his motion to reconsider its November 19, 2002 decision denying his motion to reopen his removal proceedings. *In re Yong Ke Chen,* No. A 72 487 718 (B.I.A. Apr. 28, 2003). The BIA denied Chen's motion to reopen, *In re Yong Ke Chen,* No. A 72 487 718 (B.I.A. Nov. 19, 2002), after it had previously affirmed the August 5, 1998 decision of Immigration Judge ("IJ") Robert D. Weisel denying Chen's applications for asylum and withholding of removal. *In re Yong Ke Chen,* No. A 72 487 718 (B.I.A. Mar. 20, 2002), *aff'g* No. A 72 487 718 (Immig. Ct. N.Y. City Aug. 5, 1998). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34.

**58**

The BIA did not abuse its discretion in denying Chen's motion to reconsider because he failed to demonstrate any errors in the BIA's underlying denial of his motion to reopen. *See* 8 C.F.R. § 1003.2(b) (a motion to reconsider must specify the errors of fact or law in the prior BIA decision). The BIA acted within its discretion in denying Chen's previous motion to reopen as untimely, inasmuch as it was filed several months after the 90-day deadline had passed for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Although the regulations do allow an exception to the filing deadline in cases where the alien submits evidence of changed country conditions, *see* 8 C.F.R. § 1003.2(c)(3)(ii), and one of Chen's many allegations in his motion to reopen was that conditions in China were getting worse, he did not elaborate or explain how any increase in human rights violations related specifically to his own case. Moreover, the record does not indicate that Chen actually submitted the articles documenting human rights abuses to which he referred. Under these circumstances, the BIA did not err in concluding that any exceptions to the filing deadlines were not relevant in Chen's case, and the agency did not abuse its discretion in stating so summarily. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006). As Chen's motion to reconsider failed to demonstrate any error in that decision, the BIA's denial of the motion to reconsider also did not constitute an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).